UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.   Case No. 8:11-cr-615-T-33EAJ

OTIS FRED MARTIN
_____/

**ORDER**

This matter comes before the Court pursuant to the Report and Recommendation of the Honorable Elizabeth A. Jenkins, United States Magistrate Judge (Doc. # 46), filed on August 20, 2013, in which she recommends that Defendant Otis Fred Martin's Motion for Leave to Appeal *in forma pauperis* and Motion for Appointment of Counsel (Doc. # 38) be denied. Martin has lodged an objection to the Report and Recommendation. (Doc. # 49). For the reasons that follow, the Court adopts the Report and Recommendation in part and rejects the Report and Recommendation in part.

I. **Background**

On November 23, 2011, Martin was charged via complaint with knowingly and intentionally possessing with intent to distribute twenty-eight grams or more of cocaine base in violation of 21 U.S.C. § 841(a)(1) and other law. (Doc. # 1). A one-count indictment reflecting the same charges was returned by the Grand Jury on December 7, 2011. (Doc. # 8).

Martin entered into a plea agreement with the Government

on March 19, 2012 (Doc. # 16), and on July 26, 2012, this Court sentenced Martin to 70 months imprisonment followed by a 60 month term of supervised release. (Doc. # 28).  The Court's Judgment was entered on July 26, 2012. (Doc. # 30).

On July 5, 2013, Martin filed a pro se Notice of Appeal (Doc. # 35) and on July 9, 2013, Martin filed a pro se Motion for Extension of Time to File Direct Appeal, Motion for Appointment of Counsel, and Motion to Direct the Clerk to Forward the Petitioner Copies of His Court Proceedings. (Doc. # 38).[1]  Martin filed a pro se Motion for Leave to Appeal *in forma pauperis* on July 17, 2013. (Doc. # 38).  Among other assertions, Martin indicates that he "has directed his attorney to file direct appeal on his behalf vigorously since at least September 2012." (Id. at 3).

On August 29, 2013, Judge Jenkins entered a Report and Recommendation counseling this Court that Martin's Motion for

---

[1] Under the mailbox rule, a pro se prisoner's § 2255 motion will be deemed filed on the date that the prisoner delivers the motion to prison authorities for mailing. Houston v. Lack, 487 U.S. 266, 276 (1988); Washington v. United States, 243 F.3d 1299, 1301 (11th Cir. 2001).  Furthermore, the mailbox rule applies even when the motion "is never received or filed by the court." Huizar v. Carey, 273 F.3d 1220, 1222 (9th Cir. 2001); see also id. at 1223 ("A prisoner who delivers a document to prison authorities gets the benefit of the prison mailbox rule, so long as he diligently follows up once he has failed to receive a disposition from the court after a reasonable period of time.").

Leave to Appeal *in forma pauperis* and Motion for Appointment of Counsel should be denied. (Doc. # 46). Martin has filed an objection to the Report and Recommendation in which he echoes his prior assertion that he "promptly informed his former attorney to file for Direct Appeal and was assured by his attorney that he would do as requested. 60 days later in or about September 2012 the petitioner inquired with former counsel as to the progress of the filing of appeal. Counsel assured the petitioner that he could get back with him, sending a copy of his brief and court records. The petitioner never received any further correspondence from counsel." (Doc. # 49 at 1-2).

In addition, Martin has filed a duplicate pro se Motion for Leave to Appeal *in forma pauperis* (Doc. # 50) and a duplicate pro se Motion for Extension of Time to File a Direct Appeal, Motion for Appointment of Counsel, and Motion to Direct the Clerk to Forward the Petitioner Copies of his Court Proceedings (Doc. # 52).

## II. Discussion

The Magistrate Judge enunciates two key findings in the Report and Recommendation: first, that Martin missed the deadline to pursue a direct appeal and that the Court cannot extend that deadline; and second, that if the Court were to

construe Martin's filings as a motion filed pursuant to 28 U.S.C. § 2255, that such motion would be untimely. As explained below, the Court adopts the first finding and rejects the second finding.

### A. <u>Deadline to File a Direct Appeal</u>

The Magistrate Judge correctly recommends that this Court should deny Martin's request for an extension of time to pursue a direct appeal. Rule 4(b)(1)(A) of the Federal Rules of Appellate Procedure dictates that "a defendant's notice of appeal must be filed in the district court within 14 days after the later of: (i) the entry of either the judgment or the order being appealed; or (ii) the filing of the government's notice of appeal." As specified in Federal Rule of Appellate Procedure 4(b)(4), the time to file a notice of appeal may be extended for a period not to exceed 30 days upon a finding of good cause or excusable neglect. This deadline is jurisdictional in nature and strictly applied. <u>United States v. Phillips</u>, 225 F.3d 1198, 1199 (11th Cir. 2000). This Court adopts the Magistrate Judge's recommendation that "[t]his court is not authorized to extend the deadline for Defendant's direct appeal beyond the deadline prescribed by Rule 4." (Doc. # 46 at 1). The Court thus denies Martin's request for an extension of time to file a direct appeal.

**B.   Deadline to File a § 2255 Motion**

A prisoner whose conviction is final, but believes that his sentence was imposed in violation of the Constitution or federal law may seek relief from his sentence by filing a motion under § 2255 with the Court that imposed his sentence. The Antiterrorism and Effective Death Penalty Act of 1996 imposes a one-year statute of limitations for filing a § 2255 motion, which begins to run following the latest of four possible events.  Applicable here is "the date on which the judgment of conviction becomes final." 28 U.S.C. § 2255(f). In this case, the Magistrate Judge implied that it would be appropriate to construe Martin's Motion for Leave to Appeal *in forma pauperis* and request for the appointment of counsel as a § 2255 motion, but indicated that such § 2255 motion would be untimely filed.   The Magistrate Judge specifically indicates that "the one-year deadline for filing a § 2255 motion expired on July 26, 2013." (Doc. # 46).  This finding is incorrect because the Court's July 26, 2012, judgment did not become final until the passage of 14 days after the entry of the judgment.

Furthermore, pursuant to the mailbox rule, the date that Martin's initial Motion to Proceed on Appeal *in forma pauperis* was filed (July 26, 2013) is not controlling.  Rather, the

5

Court recognizes the date that Martin signed and submitted the Motion (July 17, 2013) to be the operative date. As Martin tendered his construed § 2255 motion on July 17, 2013, such motion is timely.

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED:**

(1) The Court adopts in part and rejects in part the Magistrate Judge's Report and Recommendation (Doc. # 46).

(2) The Court construes Martin's initial Motion for Leave to Appeal *in forma pauperis* (Doc. # 38) as a timely motion under 28 U.S.C. § 2255.

(3) The Clerk is directed to open a civil case and to file Martin's initial Motion for Leave to Appeal *in forma pauperis* (Doc. # 38), the Report and Recommendation (Doc. # 46), and Martin's Objection (Doc. # 49) in the new civil case once it is opened.

(4) Martin's duplicate Motion for Leave to Appeal *in forma pauperis* (Doc. # 50) and duplicate Motion for Extension of Time to File a Direct Appeal, Motion for Appointment of Counsel, and Motion to Direct the Clerk to Forward the Petitioner Copies of his Court Proceedings (Doc. # 52) are **DENIED AS MOOT.**

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this <u>6th</u>

day of September, 2013.

                                      VIRGINIA M. HERNANDEZ COVINGTON
                                           UNITED STATES DISTRICT JUDGE

Copies:
Defendant
All Counsel of Record